UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

 v.            Case No. 16-C-1319

KURT MIKUTIS, et al.,

    Defendants.

**ORDER GRANTING IN PART MOTION FOR APPOINTMENT OF COUNSEL**

   Plaintiff Travis Delaney Williams filed a motion asking the court to recruit counsel to represent him on a volunteer basis. He asserts that he has a serious mental illness that interferes with his ability to present his case. He also explains that, despite his efforts, he has been unable to obtain the information he needs to identify the Doe defendants.

   In a civil case, the court has the discretion to recruit counsel for individuals who are unable to afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, a plaintiff must make reasonable efforts to hire counsel on his own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007). After a plaintiff demonstrates that he has made those efforts, the court must decide "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions."

*Id.* "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

Williams satisfies the first *Pruitt* requirement: He has made a reasonable effort to hire counsel on his own. With regard to Williams' capacity to present his case, the court continues to believe that he has a good understanding of the relevant legal issues and he has the skills necessary to communicate with the defendants and the court. Williams is an experienced litigant; he is familiar with the Federal Rules of Civil Procedure, he is able to locate relevant case law, and he appropriately applies case law to the facts of his case. Although Williams has been diagnosed with mental health issues for which he takes medication, the court has observed nothing that indicates that those circumstances interfere with his ability to coherently present his case.

That said, the court acknowledges the obstacles Williams faces in identifying the real names of the Doe defendants. As Williams notes, he is no longer housed at the institution where those defendants work or worked, and the named defendants have indicated that they do not have information that will enable Williams to identify the Does' real names. Accordingly, the court will recruit counsel for the limited purpose of assisting Williams with identifying the real names of the Doe defendants. The court will extend the discovery and dispositive motion deadlines by sixty days to allow sufficient time for their identification. The court will consider further adjustments to those deadlines as needed or as requested by the parties. The court believes that, once identified, Williams has the capacity and skills to engage in discovery with those defendants.

Williams also mentions that he has been unable to obtain video evidence from the named defendants. When discovery disputes such as this one arises, Civil L.R. 37 requires the parties to confer in good faith in an attempt to resolve the dispute without the court's involvement. If the parties are unable to resolve the dispute informally, Williams may file a motion to compel. The court cautions Williams to include in his motion a certification describing his attempts to resolve the dispute and an explanation as to why the parties were unable to do so without the court's involvement.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel (ECF No. 38) is **GRANTED** in part. The court will recruit an attorney for the limited purpose of helping plaintiff identify the real names of the Doe defendants. Once the court finds an attorney, the court will notify plaintiff so that he may consent to the attorney's limited representation.

**IT IS FURTHER ORDERED** that the discovery deadline is **EXTENDED** to August 21, 2018, and the dispositive motion deadline is **EXTENDED** to September 21, 2018.

Signed in Green Bay, Wisconsin, this 11th day of May 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court