UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

v.                                               Case No. 16-C-1319

KURT MIKUTIS, *et al.*,

    Defendants.

## ORDER

Plaintiff is proceeding on deliberate indifference claims against four Doe defendants. ECF No. 18 at 19–20. Because plaintiff is no longer incarcerated at the institution where the Does work(ed), the court agreed to recruit an attorney to help identify the names of the Does. In June 2018, plaintiff agreed to the limited representation of Attorney Michael Schaalman. Plaintiff had alerted the court on more than one occasion that he had not heard from Mr. Schaalman and was therefore unable to meet the deadlines to identify the Does.

On September 18, 2018, the court held a status hearing, in part, to discuss the reasons for plaintiff's delay in identifying the Does. At the hearing, Mr. Schaalman notified the court that he had not fully understood his responsibility with regard to his recruitment; however, he had met with plaintiff the day before the hearing, and he believed he would be able to assist plaintiff in identifying the Does.

About a month later, plaintiff filed a motion for an order to substitute the real names of Does #3 and #4. ECF No. 64. Plaintiff identifies Does #3 and #4 (the nurses who allegedly refused to treat his injured hand) as Svetlana Castillo and Jessica Modrow. The court will grant his motion to

substitute and will order the U.S. Marshal Service to serve them with his amended complaint and a copy of the court's screening order.

Plaintiff also filed and a motion to appoint counsel. ECF No. 65. He asks the court "to appoint counsel who's going to actually help [him] to identify Nurse Jane Doe #2." *Id.* He explains that, despite meeting with Mr. Schaalman, he has not received any help from him in identifying the Does. *Id.* Plaintiff also asks the court to recruit counsel for him so he can "gather witness statements & depose [] defendants." *Id*.

The court will deny plaintiff's motion at this time; however, it will require Mr. Schaalman to provide it with an update regarding his efforts to assist plaintiff in identifying the real name of Doe #2. If Mr. Schaalman does not believe he can assist plaintiff, he must notify the court immediately. The court reminds plaintiff that, after Does #3 and #4 respond to his amended complaint and after the court enters a deadline for discovery and the filing of dispositive motions, he may use discovery to learn the name of Doe #2.

The court will deny plaintiff's motion for a more general recruitment for the reasons it has already explained to plaintiff. ECF No. 40. In short, the court believes that plaintiff, who is an experienced litigant, is capable of participating in discovery without the assistance of counsel. If plaintiff encounters challenges during discovery or if plaintiff can demonstrate that written discovery (interrogatories and documents requests) are an insufficient means of getting the information he needs, he may renew his motion for counsel.

Finally, plaintiff filed a motion for reconsideration of the court's screening order. ECF No. 67. He asks that, based on newly discovered evidence, the court allow him to proceed on a conditions of confinement claim against Carlos Gerena. Plaintiff attaches an investigation report, wherein Gerena states that, before moving plaintiff into a new cell, he "inspected the cell for

2

contraband and damage and ensured the cell had toilet paper; however [he] did not remove the trash bag that was in the cell." ECF No. 67-1. The court will deny plaintiff's motion. As it explained in its screening order, plaintiff alleges that he was exposed to the full and smelly garbage can for only a few hours. Such limited exposure is not sufficient to state a conditions of confinement claim. ECF No. 18 at 15.

In his motion for reconsideration, plaintiff identifies Doe #1 as Angela Strain. ECF No. 67. The court will order the U.S. Marshal Service to serve her with a copy of plaintiff's amended complaint and the court's screening order.

Discovery, which has been open since March 2018, is set to close on November 19, 2018. Obviously, that is not a workable deadline for the newly identified defendants. The court will keep in place the November 19 discovery deadline for defendants Kirk Mikutis, Denise Jarvela, Scott Becker, Daniel Lahare, and Billy Cameron. However, it will vacate the December 19, 2018 dispositive motion deadline. After defendants Castillo, Modrow, and Strain have an opportunity to respond to plaintiff's amended complaint, the court will set a discovery deadline for those defendants and will set a new dispositive motion deadline for all of the defendants.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for an order substituting Svetlana Castillo and Jessica Modrow for Jane Does #3 and #4 (ECF No. 64) is **GRANTED.** It is further **ORDERED** that Angela Strain be substituted for Doe #1.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint (ECF No. 17), the screening order (ECF No. 18), and this order upon defendants Svetlana Castillo, Jessica Modrow, and Angela Strain pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service

3

by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendants Svetlana Castillo, Jessica Modrow, and Angela Strain shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 65) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, by **November 19, 2018**, attorney Michael Schaalman shall update the court on his efforts to identify the real name of Jane Doe #2.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (ECF No. 67) is **DENIED**.

**IT IS FURTHER ORDERED** that the dispositive motion deadline of December 19, 2018, is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff and defendants Svetlana Castillo, Jessica Modrow, and Angela Strain may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Signed in Green Bay, Wisconsin, this 22nd day of October, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court